86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anita M. BRYANT, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3534.
 United States Court of Appeals, Federal Circuit.
 May 24, 1996.
 
 Before PLAGER, C.J., FRIEDMAN, Sr. C.J., and SCHALL, C.J.
 PER CURIAM.
 
 DECISION
 
 1
 Anita M. Bryant seeks review of the final decision of the Merit Systems Protection Board ("Board") in docket number NY-0752-94-0570-C-1.[1] In its decision, the Board dismissed Bryant's petition after a settlement agreement was entered into the record. We affirm.
 
 DISCUSSION
 I.
 
 2
 Bryant, who was employed as a Correctional Officer by the United States Department of Justice ("agency"), was injured on the job on February 21, 1993. She was placed on medical leave from February 22, 1993, to April 8, 1993, and on leave without pay thereafter. The agency removed her from her position, effective May 27, 1994. After appealing her removal to the Board, Bryant entered into a settlement agreement with the agency on September 13, 1994. Pursuant to that agreement, she was allowed to submit an application for reinstatement with the agency, which was to be given priority consideration.
 
 
 3
 After Bryant submitted a reinstatement application but was not reinstated by the agency, she filed a petition with the Board for enforcement of the settlement agreement. On January 17, 1995, Bryant's representative entered into a second settlement agreement with the agency, pursuant to which Bryant was to receive fifteen hundred dollars and to have a "clean resignation" record. At the settlement conference (which was telephonic) Bryant's representative stated that he had discussed the proposed settlement with Bryant, that Bryant understood the proposed settlement, and that she had authorized him to accept the settlement on her behalf. After the terms of the settlement were placed on the record, the administrative judge dismissed the petition.
 
 
 4
 Bryant submitted a petition for review to the Board on February 2, 1995. In her petition for review, which she additionally titled "petition for enforcement," Bryant stated that she had not agreed to the settlement accepted by her representative. In an affidavit dated February 25, 1995, and amended March 8, 1995, she further asserted, "I did not agree to any agreement purportedly signed by [my representative] as it relates to me and my job."
 
 II.
 
 5
 We affirm a decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). On appeal, Bryant bears the burden of establishing error in the Board's decision. Cheeseman, 791 F.2d at 140.
 
 
 6
 We do not find the Board's decision to be erroneous or otherwise not in accordance with law. It is a settled principle of agency law that a litigant is bound by the actions of his or her lawyer. Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1254 (Fed.Cir.1991). "An attorney retained for litigation purposes is presumed to possess express authority to enter into a settlement agreement on behalf of the client, and the client bears the burden of rebutting this presumption with affirmative proof that the attorney lacked settlement authority." Id. (citing Pueblo of Santo Domingo v. United States, 647 F.2d 1087, 1088-89 (Ct.Cl.1981), cert. denied, 456 U.S. 1006 (1982)).
 
 
 7
 Bryant has presented no evidence that her representative did not have authority to enter into the January 17, 1995 settlement agreement with the agency. Bryant does not contest the fact that her representative had authority to enter into the September 13 settlement agreement, and she has presented no evidence that the nature and extent of her representative's authority changed in the time between the two settlement agreements. Furthermore, she has not presented any affirmative proof that her representative was not authorized to secure a settlement in the case, or that he was not speaking truthfully when he represented to the administrative judge at the settlement conference that he had fully discussed the matter with her. While it is true that Bryant was not personally present at the time her action was settled, she is still bound by her representative's actions. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Bryant's mere unsupported assertion, even if made in a sworn statement, that her representative did not have authority to act on her behalf, is not sufficient to rebut the presumption that her representative possessed the authority to enter into a settlement agreement. Bryant has also failed to show that the settlement agreement was tainted with invalidity. Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982).
 
 
 8
 Because Bryant has failed to demonstrate that her representative lacked authority to enter into the settlement on her behalf, we will not disturb the Board's decision.
 
 
 9
 Each party shall bear its own costs.
 
 
 
 [1]
 The January 18, 1995 initial decision of the administrative judge became the final decision of the Board on April 13, 1995, when the Board denied Bryant's petition for review